39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerard Phillip BIEMER, Defendant-Appellant.
 No. 94-5011.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1994.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Gerard Biemer appeals the sentence imposed following his plea of guilty to conspiracy to launder money in violation of 18 U.S.C. Sec. 371. Biemer challenges the district court's enhancement pursuant to U.S.S.G. Sec. 2S1.1(b)(2) for laundering in excess of $1,000,000 in funds.
 
 
 2
 Because we find that the district court's factual findings are not clearly erroneous and its application of the guidelines to the facts is proper, we AFFIRM.
 
 I. Facts
 
 3
 In August 1992, agents of the Federal Bureau of Investigation and Internal Revenue Service, conducting a covert investigation into money laundering, met defendant. One of the agents told Biemer that he was retiring from the drug business and wanted to "clean up" some money. Biemer stated that, as a partner in an international cattle buying and trading business, he could deposit the agent's money into an account, claim it was from the sale of cattle, send the money to a Swiss account, return it to a holding company in Florida and then return it to the agent. Next, Biemer would prepare receipts and paperwork to show that the money came from the sale of cattle and use the paperwork to file income tax returns.
 
 
 4
 Biemer called the agent on at least three occasions. In November 1992, Biemer, a codefendant and the undercover agents met in Jackson, Tennessee. Biemer agreed to launder 1.9 million dollars in return for payment of $200,000, some of which would be used to cover the expenses of the transaction. The men agreed that further transactions would involve a three and one-half percent commission. Biemer was arrested after this meeting.
 
 
 5
 The district court sentenced Biemer to fifty-one months incarceration and three years of supervised release. In exchange for Biemer's guilty plea, the government moved to dismiss count 2 of the indictment, which charged Biemer with the substantive offense of money laundering.
 
 II. Standard of Review
 
 6
 The standard of review of sentences imposed pursuant to the guidelines is governed by 18 U.S.C. Sec. 3742. The court reviews the interpretation of the guidelines de novo and upholds factual findings unless clearly erroneous. United States v. Morrison, 983 F.2d 730 (6th Cir.1993).
 
 III. Analysis
 
 7
 Defendant challenges the five point enhancement of his offense level under U.S.S.G. Sec. 2S1.1(b)(2), which was based upon the district court's determination of the amount of loss attributable to his criminal conduct. To calculate the base offense level for a conviction of conspiracy to launder money, the district court applied Sec. 2X1.1(a) of the guidelines, which in turn, directs the court to the base level for the substantive offense, found in Sec. 2S1.1(b)(2). The base level for conspiracy to launder money is twenty.[1]
 
 
 8
 Although the base level is twenty, the guidelines also direct the court to consider the amount of funds to be laundered, a specific offense characteristic enhancement. Here, the court found that Biemer intended to launder 1.9 million dollars for an enhancement of five levels, U.S.S.G. Sec. 2S1.1(b)(2)(F). We review this finding for clear error.
 
 
 9
 In determining the amount of loss, the district court relied upon testimony regarding a tape-recorded conversation between federal agents and Biemer, during which Biemer agreed to launder 1.9 million dollars. Biemer contends the court erred in relying on this amount because: (1) the agents never produced $1.9 million and (2) he was apprehended before any money changed hands. Further, Biemer argues that because he never set up any bank accounts or produced any paperwork on the fraudulent cattle sales, the laundering scheme was not possible. See United States v. Watkins, 994 F.2d 1192, 1196 (6th Cir.1993) (holding that "the intended loss must have been possible to be deemed relevant.") For these three reasons, Biemer concludes that the district court incorrectly calculated his sentence. Biemer's contention is unavailing.
 
 
 10
 We find adequate factual and legal support for the sentence imposed. The district court's finding that Biemer intended to launder the money is supported by the record. He telephoned the agents, arrived at the prearranged meeting and agreed to launder money. We believe the amount of funds under negotiation in a laundering transaction, here, over $1,000,000, may properly be used to calculate the defendant's sentence, absent a finding by the district court that Biemer was incapable of laundering the agreed amount. See United States v. Richardson, 925 F.2d 112, 116 n. 12 (5th Cir.) (noting that policy considerations that require the weight of controlled substances under negotiation in an uncompleted distribution to be used to calculate the applicable amount for sentencing purposes likewise apply to sentencing based on the amount of funds under negotiation in laundering transaction), cert. denied, 111 S.Ct. 2868 (1991).
 
 
 11
 The amount agreed upon between the parties is a better basis for determining the amount of funds for which the defendant is culpable than the amount produced by the government. This basis ensures that a defendant will be held responsible only for the amount he agreed to launder. If the court relies on the amount of loss based on the amount of money the agents supply to the defendant, the agents would have the ability to raise the loss, absent any intent on the part of the defendant, simply by supplying a larger amount of money prior to the arrest.
 
 
 12
 Biemer's reliance on Watkins is misplaced, because failure to initiate the scheme does not show that the scheme was economically impossible. He does not allege that he lacked the knowledge or the financial ability to launder the money; rather, he alleges that he had not taken the necessary steps to begin the laundering process. Therefore, Watkins does not apply. Moreover, the district court already considered this factor and reduced his sentence accordingly.
 
 
 13
 Accordingly, we AFFIRM the sentence imposed by the district court.
 
 
 
 [1]
 Additional adjustments were made to the sentencing calculation and, although they are not disputed, they are recited here to provide a complete picture of the manner by which the sentence was calculated. Three levels were added because defendant was aware that the proceeds were from narcotics sales. U.S.S.G. Sec. 2S1.1(b). The court reduced Biemer's sentence three levels for acceptance of responsibility. Additionally, the court applied a three-level reduction pursuant to U.S.S.G. Sec. 2X1.1, because the conspirators did not complete all of the acts necessary to complete the conspiracy